# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MATTHEW R. MCCORMICK, DENVEN BENTLEY, MARTIN R. STEWART, SPENCER L. POLLARD, LEE R. SPIELMAN, AND GARRETT STEVENSON | § § § § § § | |
| v. | § § | CASE NO. 4:15-CV-809<br>Judge Mazzant |
| RICHARD C. PAYNE, WARREN TRANSPORT, INC., AND BRETT C. BRAYTON | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Warren Transport Inc. and Brett C. Brayton's Motion for Independent Medical Examination of Cross-Plaintiff Richard C. Payne (Dkt. #43). After reviewing the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

The above-referenced case is a diversity case arising from a motor vehicle collision that occurred on or about December 13, 2013, in McKinney, Texas (Dkt. #43 at p. 1). Cross-Plaintiff Richard C. Payne ("Payne") brings a personal injury action against Defendants Warren Transport, Inc. ("Warren Transport") and Brett C. Brayton ("Brayton," or collectively with Warren Transport, "Cross-Defendants") for injuries that he alleges to have sustained as a result of the collision (Dkt. #43). Payne seeks damages from Cross-Defendants for the "severe bodily injuries to his pelvis, knee, and body generally," and alleges that he incurred expenses for medical care and attention (Dkt. #43 at p. 2). Payne also asserts that he sustained the following damages: (1) past medical expenses; (2) future medical expenses; (3) past and future pain and

1

suffering; (4) past pain and anguish; (5) past and future physical impairment; (6) disfigurement; (7) lost wages and future loss of wage earning capacity; and (8) exemplary damages (Dkt. #43 at p. 2).

On May 5, 2016, Defendants filed their Motion for Independent Medical Examination of Cross-Plaintiff Richard C. Payne (Dkt. #43). On May 20, 2016, Payne filed his response (Dkt. #50).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 35(a) provides for physical and mental examinations of persons:

> The court where the action is pending may order a party whose mental or physical condition---including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is its custody or under its legal control.

FED. R. CIV. P. 35(a). "The party seeking an examination has the burden to show that the examinee's condition is in controversy and that good cause exists for the examination." *Fischer v. Coastal Towing, Inc.*, 168 F.R.D. 199, 201 (E.D. Tex. 1996) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964); *In re Certain Asbestos Cases*, 112 F.R.D. 427, 434-35 (N.D. Tex. 1986)). "The moving party can make these showings through affidavits or other evidence." *Id.*; *see Schlagenhauf*, 379 U.S. at 119. "The Supreme Court has made explicit that 'there must be a greater showing of need under Rule[]…35 than under the other discovery rules;' to require otherwise, and to accept a showing of mere relevance would render the 'good cause' requirement meaningless." *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 391 (S.D. Tex. 2013); *see Schlagenhauf*, 379 U.S. at 118. "A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the

defendants with good cause for an examination to determine the existence and extent of such asserted injury." *Fischer*, 168 F.R.D. at 200 (citing *Schlagenhauf v. Holder*, 379 U.S. at 119).

"Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id.* (citing *Schlagenhauf*, 379 U.S. at 118). For example, "a plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiff's treating physicians, are available." *Ornelas*, 292 F.R.D. at 391-92 (citing *Jackson v. Entergy Op., Inc.*, Nos. Civ. A. 96-411, Civ. A. 97-0943, 1998 WL 28272, at *2 (E.D. La. Jan. 26, 1998); *Ferrell v. Shell Oil Co.*, Civ. A. No. 95-0568, 1995 WL 688795, at *1 (E.D. La. Nov. 20, 1995)). Therefore, "courts have continually looked to whether the plaintiff has retained his own experts, and whether he intends to prove his claims through their testimony at trial, as relevant to a finding of 'good cause.'" *Id.*; *see, Lahr*, 164 F.R.D. at 200 (citing *Duncan v. Upjohn*, 155 F.R.D. 23, 25 (D. Conn. 1994)). Additionally, the *Schlagenhauf* court also made clear that "a plaintiff in a negligence action who asserts mental or physical injury…provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." 379 U.S. at 119.

## ANALYSIS

The Court determines that Cross-Defendants have shown good cause for an order requiring Payne to submit to a medical examination by Cross-Defendants' retained expert, Benzel C. MacMaster, M.D., P.A. ("Dr. MacMaster"), as to the physical medical conditions that Payne has placed in controversy. Cross-Plaintiff has placed his physical condition in controversy by alleging damages for the following: (1) past reasonable and necessary medical expenses; (2) reasonable and necessary medical expenses which in all probability will be incurred in the future;

(3) past physical pain and suffering; (4) future physical pain and suffering; (5) past physical impairment; (6) future physical impairment; (8) disfigurement; (9) lost wages and future loss of wage earning capacity (Dkt. #24 at pp. 8-9). Specifically, Payne alleges that "[a]s a result of the negligence of Cross-Defendants, Cross-Plaintiff suffered severe bodily injuries to his pelvis, knee, and body generally." (Dkt. #24 at p. 8). Additionally, Payne has submitted himself for examination by several non-retained experts (*See* Dkt. #43, Exhibit 2). To avoid prejudice, Cross-Defendants must have its expert conduct an examination of Cross-Plaintiff to rebut the findings of Plaintiff's non-retained experts. Otherwise, Cross-Defendants' expert would have no way to adequately scrutinize their conclusions.

Cross-Defendants also request that Dr. MacMaster examine Payne as to any mental conditions that Payne has placed in controversy, and well as his future loss of wage earning capacity (*See* Dkt. #43 at p. 8). However, the Court finds that Cross-Defendants have not demonstrated good cause for Payne to submit himself for an examination conducted by Dr. MacMaster. Although Payne does request damages for both (1) past mental pain and anguish, and (2) lost wages and future loss of wage earning capacity, the Court finds that Cross-Defendants have failed to demonstrate that Dr. MacMaster is qualified to conduct an examination as to those issues. After reviewing his curriculum vitae ("CV"), it appears to the Court that Dr. MacMaster is a specialist in orthopedic surgery (*See* Dkt. #43, Exhibit 3). It does not appear that Dr. MacMaster is qualified to conduct an examination into any or all mental conditions that Payne has alleged within his cross-claim.

Based on the foregoing, the Court finds that Defendants' retained expert should be allowed to conduct an independent medical examination, but only as to Payne's physical conditions that have been placed in controversy.

## CONCLUSION

It is therefore **ORDERED** that Defendants Warren Transport Inc. and Brett C. Brayton's Motion for Independent Medical Examination of Cross-Plaintiff Richard C. Payne (Dkt. #43) is hereby **GRANTED IN PART AND DENIED IN PART.**

It is further **ORDERED** that Cross-Plaintiff Richard C. Payne will submit to a medical examination by Benzel C. MacMaster, M.D., P.A. at Glen Lakes Orthopaedic Clinic, 8220 Walnut Hill Lane, Suite 310, Dallas, Texas 75231, within thirty days of the entry of this order.

**SIGNED this 3rd day of June, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE