# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD C. PAYNE | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-00809 |
| | § | Judge Mazzant |
| BRETT C. BRAYTON and WARREN TRANSPORT, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Brett C. Brayton and Warren Transport, Inc.'s Motion for Summary Judgment (Dkt. #46). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On December 11, 2013, at approximately 5:30 p.m., Plaintiff Richard Payne ("Payne") was driving a vehicle traveling southbound on the 1800 block of U.S. 75 when he came upon stopped traffic (Dkt. #58 at p.3). Defendant Brett Brayton ("Brayton"), a truck driver for Defendant Warren Transport, Inc. (collectively, "Defendants"), was also traveling southbound on U.S. 75 in a tractor-trailer (Dkt. #58 at p.3). After Payne came to a stop, he was struck from behind by Brayton (Dkt. #58, Exhibit 2 at 45:13–22). Payne felt the impact of the semi-trailer-truck ramming his vehicle (Dkt. #58 at p.3). The impact caused Payne to careen into the vehicle immediately in front of him and caused his truck to spin counter-clockwise (Dkt. #58 at p.3). Payne's truck was then hit a second time by the trailer of the semi when the semi jack-knifed (Dkt. #58, Exhibit 2 at 46:21–25; 47:1–25; 48:22–25; 49:1–15).

On June 16, 2015, Plaintiffs Matthew McCormick, Denvan Bentley, Martin Stewart, Spencer Pollard, Lee Spielman, and Garrett Stevenson ("Plaintiffs") filed a lawsuit against

Richard C. Payne, Warren Transportation, LLC[1] and Brett C. Brayton in Dallas County Court at Law No. 3 for injuries arising out of the December 11, 2013 collision (Dkt. #20). On August 13, 2015, Payne filed a cross-claim against Brayton and Warren Transport in the same court (Dkt. #24). On August 20, 2015, the case was removed to the Northern District of Texas, Dallas Division, under its diversity jurisdiction according to 28 U.S.C. §§ 1332, 1441(b), and 1446 (Dkt. #1). On November 11, 2015, the case was transferred to this Court (Dkts. # 18, #19).

On March 24, 2016, Plaintiffs voluntarily dismissed their claims against Payne without prejudice (Dkt. #37), and dismissed their claims against Brayton and Warren Transport, Inc. with prejudice (Dkts. #36, #40). On June 29, 2016, the Court realigned the parties to designate Richard Payne as Plaintiff and Brett C. Brayton and Warren Transport, Inc. as Defendants (Dkt. #60).

Following Plaintiffs' voluntary dismissal, Payne's cross-claim became the only live complaint (Dkt. #24). Payne's cross-claim alleges four causes of action: (1) negligence; (2) negligent hiring/supervision; (3) gross negligence; and (4) negligence per se (Dkt. #24). On May 16, 2016, Defendants filed their First Amended Answer to Payne's cross-claim (Dkt. #45). The same day, Defendants filed this Motion for Summary Judgment on no-evidence and traditional grounds regarding Plaintiff's claim of gross negligence against Defendant Brayton (Dkt. #46). On June 3, 2016, Plaintiff filed a response (Dkt. #58). On June 10, 2016, Defendants filed a reply (Dkt. #59).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment

---

[1] "Warren Transportation, LLC" is a misnomer for the proper defendant "Warrant Transport, Inc." as noted by Defendants Warren Transport, Inc.'s and Brett C. Brayton's Original Answer to Plaintiff's First Amended Petition (Dkt. #23). Payne's cross-claim only names "Warren Transport, Inc." as a defendant (Dkt. #24).

is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order

to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden demonstrating that there is no material issue of fact entitling them to judgment as a matter of law. The case should proceed to trial.

## CONCLUSION

It is therefore **ORDERED** that Defendants Brett C. Brayton and Warren Transport, Inc.'s Motion for Summary Judgment (Dkt. #46) is hereby **DENIED**.

**SIGNED this 7th day of September, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE