# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

RICHARD C. PAYNE, §
§
v. § Civil Action No. 4:15-CV-00809
§ Judge Mazzant
BRETT C. BRAYTON and WARREN §
TRANSPORT, INC. §
§

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Strike and Exclude Testimony and Opinions of Plaintiff's Expert John M. Trapani (Dkt. #64). After reviewing the motion and relevant pleadings, the Court finds the motion should be denied in part.

### BACKGROUND

This case arises from a collision where the tractor-trailer driven by Brett Brayton ("Brayton"), a truck driver for Warren Transport, Inc. (collectively "Defendants"), collided into Richard Payne's ("Payne") pickup. The impact caused Payne to careen into the vehicle in front of him.

Payne's claim against Defendants was originally filed in Texas state court on August 13, 2015 (Dkt. #24).[1] On August 20, 2015, the case was removed to the Northern District of Texas, Dallas Division (Dkt. #1). On November 11, 2015, the case was transferred to this Court (Dkt. #18; Dkt. #19).

On February 8, 2016, the Court issued a Scheduling Order setting the deadline for Plaintiff's disclosure of expert testimony as April 18, 2016; for Defendants' disclosure of expert

---

[1] Payne's claim began as a cross-claim against Defendants, but after the original plaintiffs voluntarily dismissed their claim against Payne and Defendants, Payne's current claim became the only remaining affirmative claim and the parties were realigned (Dkt. #60).

testimony as May 16, 2016; and for the completion of discovery by July 25, 2016 (Dkt. #32). On July 7, 2016, the Court extended the discovery deadline to September 26, 2016 (Dkt. #62).

On April 18, 2016, Payne served a Rule 26(a)(2)(C) disclosure identifying Dr. John Trapani ("Trapani") as an expert witness (Dkt. #64, Exhibit 6). The report produced on April 18, 2016, was dated February 13, 2015 (the "original report"). In the original report, Trapani based his opinions on Bureau of Labor Statistics ("BLS") national averages.

On May 11, 2016, Defendants sent a notice of Trapani's deposition. The notice indicated a May 18, 2016 deposition. Trapani did not appear, and Defendants took a certificate of non-appearance.

On July 13, 2016, Defendants took Trapani's deposition. At the deposition, Defendants learned that Trapani specifically requested Payne's medical and payroll records in order to fully form his opinions, but that Trapani did not receive either until a week before his deposition. Even then, what he received were not complete records. As a result of not receiving this data, Trapani admitted the assumptions stated in his report were inaccurate and caused him to rely on the wrong BLS information. After learning Trapani had not fully formed his opinions, Defendants ended the deposition.

On July 27, 2016, Defendants filed this motion (Dkt. #64). On August 12, 2016, Payne filed a response (Dkt. #65). While this motion was pending, Payne deposed his treating physicians Dr. Martin and Dr. Jones, and the Independent Medical Examiner, Dr. MacMaster. Based on information gleaned from these depositions, Trapani updated his report regarding Payne's economic loss and Payne disclosed the revised report on September 26, 2016 (Dkt. #72, Exhibit 2).

Trapani's revised calculations decrease Payne's total loss estimates more than $400,000. Pre-trial losses decreased from $44,527.61 in the original report to $3,978.95 in the revised report. Further, the revised report does not claim any loss of earnings, compared to $348,883.02 in the original report. Trapani explains in his revised report that this difference is due to the fact that since the accident, Plaintiff has been earning an amount equal to, or greater than, his pre-accident earnings (*See* Dkt. #72, Exhibit 2 at p. 2).

On September 30, 2016, following Trapani's revised report, Payne filed a supplemental response (Dkt. #67). On October 11, 2016, Defendants filed a reply to Payne's supplemental response (Dkt. #72).

**LEGAL STANDARD**

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. A district court must make a preliminary determination, when requested, as to whether the requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The party offering the expert's testimony has the burden to prove by a preponderance of the evidence: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91.

## ANALYSIS

Defendants argue the Court should exclude Trapani's opinions because his original report was insufficient to satisfy Rule 26(a)(2) and therefore Trapani was not timely designated. Defendants argue the report was insufficient because Trapani admitted that his original report was a "work in progress" and that his opinions have drastically changed based on data obtained after the report. Payne argues the delay in giving a full report was substantially justified because Trapani is not a medical expert and therefore is not qualified to render an opinion based on his own medical conclusions. Payne argues that as a result, Trapani must be allowed time to revise his opinions once he has had an opportunity to review testimony from medical professionals.

Expert reports must contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). An expert may update his report if he "learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not been made known to the other parties during the discovery process or in writing." *Id.* 26(e)(1). These supplementations must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due. *Id.* 26(e)(2).

The purpose of Rule 26 is to prevent unfair surprise at trial and to permit the opposing party to prepare for rebuttal reports, to depose the expert in advance of trial, and to prepare for cross-examination. *See Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003). "[A]n expert opinion must 'set forth facts' and, in doing so, outline a line of reasoning arising from a logical foundation." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (quoting *Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 657 (6th Cir. 2005)). If a party does not provide sufficient information under Rule 26, then that party is not allowed to use

that witness to supply evidence on a motion, at a hearing, or at trial, unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). However, the district court may order alternative sanctions in addition to or instead of exclusion, such as awarding costs and attorney's fees. *Id.*

The Court has broad discretion in choosing the appropriate sanction. *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016). The Court considers four factors to determine whether to exclude testimony as a sanction for violation of a discovery order: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *C.F. Bean*, 841 F.3d at 372 (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

Defendants ask the Court to exclude both of Trapani's reports because the original report was insufficient and therefore inadmissible, and the revised report was untimely and unreliable. The Court will address each report in turn.

The first question for the Court is whether Trapani's original report is sufficiently complete under Rule 26(a)(2). Defendants argue the original report is insufficient because Trapani did not rely on any case specific facts in forming his opinions and changed his opinions after receiving medical and economic data, making his opinions in the original report conclusory and unreliable. Payne argues Trapani is not a medical expert and thus cannot render essential medical opinions. Payne further argues Trapani must be given time to supplement his report once he has an opportunity to review medical testimony.

Trapani's original report should be excluded as insufficient under Rule 26(a)(2). Notwithstanding the need to supplement when better medical opinions become available, initial

5

disclosures must still be complete and detailed when disclosed. Supplemental disclosures "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). Here, Trapani provides conclusory opinions based on nothing but national averages for middle-aged salesmen. He then relies on his revised report to provide the lion's share of data and analysis at a later date. At best, the original report connects Payne's claim to national data only by the *ipse dixit* of the expert. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Therefore, the original report is excluded.

The next question for the Court is whether the revised report was timely. If it was not timely, the Court must determine whether exclusion is appropriate. The Court finds Trapani's revised report was not timely because it relied on large amounts of data not in the original report. *C.F. Bean*, 841 F.3d at 372 (affirming district court finding revised report was untimely where the revised expert report contained "largely new rather than supplementary" information). However, after analyzing each factor, the Court finds exclusion of Trapani's revised expert report is inappropriate.

Under the first factor, Payne provides a reasonable explanation for his late supplementation. Trapani is not a medical expert and therefore cannot render his own medical opinions. Payne's medical condition is constantly changing as he heals after the accident. While injuries occurring from the date of the accident until the date of trial are important, the largest need for Trapani's testimony is for post-trial loss. Therefore, Trapani's utility requires medical facts obtained as close to trial as possible. Payne attempted to balance the interest of timely discovery with accurate medical data. Payne requested an extended discovery deadline and disclosed Trapani's revised report by that new deadline.

Defendants speculate that allowing Trapani to revise his report as new information becomes available is a never-ending cycle of amendment and rebuttal. Trapani has not abused the process by constantly revising his report after the first revision, and the Court does not read boilerplate language in the revised report that "calculations presented here are subject to change" as suggesting Trapani will abuse the process in the future. On balance, based on all the facts and circumstances, the Court cannot say Payne's reason for not providing the revised report any sooner is unreasonable. This factor favors admission of the revised report.

Under the second factor, Trapani's revised report is important to Payne's case. Trapani's opinions are critical to Payne's claim for post-trial loss of earning capacity. The Fifth Circuit has reversed district courts where the excluded testimony is essential to the plaintiff's damages. *See, e.g., Betzel v. State Farm Lloyds*, 480 F.3d 704, 707–08 (5th Cir. 2007). Therefore, this factor favors admission.

Under the third factor, admitting Trapani's revised report only slightly prejudices Defendants. Payne submitted the revised report after the expert deadline. At his deposition, Trapani did not have adequate information to answer questions and called his original report a "work in progress." To properly rebut and re-depose Trapani would cost Defendants time and expense. On the other hand, Payne disclosed the revised report several months before trial and by the discovery deadline, and Defendants ended Trapani's deposition on their own accord. The subject matter of Trapani's opinions is a relatively manageable topic to prepare for without abundant discovery. This is not a case of one party ambushing the other with undisclosed expert opinions at trial. Therefore, this factor weighs only slightly in favor of exclusion.

Finally, a continuance would have sufficed to the cure prejudice to Defendants. The Fifth Circuit has repeatedly stated that "a continuance is the 'preferred means of dealing with a party's

attempt to designate a witness out of time.'" *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998) (quoting *Bradley v. United States*, 866 F.2d 120, 127 n.11 (5th Cir. 1989)). Payne disclosed Trapani's revised report five months before trial. Several months have passed and Defendants have not asked for additional discovery. The suitability of a continuance to cure prejudice to Defendants weighs in favor of admission.

On balance, the factors favor admission of the revised report. Therefore, the revised report will be admitted.

Defendants also raise a litany of expert objections including helpfulness, reliability, relevance, prejudice, and analytical gap (Dkt. #64 at p. 5). Each of these arguments relate to the original report. Defendants do not reassert these grounds regarding the revised report, and the Court is not required to raise them *sua sponte*. *Kumho*, 526 U.S. at 149.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Strike and Exclude Testimony and Opinions of Plaintiff's Expert John M. Trapani (Dkt. #64) is hereby **DENIED** in part.

The Court excludes the opinions in Trapani's original report dated February 13, 2015, and denies the motion regarding the opinions in the revised report dated September 26, 2016.

**SIGNED this 18th day of January, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE