# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD C. PAYNE | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-00809 |
| | § | Judge Mazzant |
| BRETT C. BRAYTON, WARREN | § | |
| TRANSPORT, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Application for Expert Fees and Expenses (Dkt. #103). After reviewing the relevant pleadings and motion, the Court finds that the application should be granted in part and denied in part.

## BACKGROUND

This case arises from a collision where the tractor-trailer driven by Brett Brayton, a truck driver for Warren Transport, Inc. (collectively "Defendants"), collided into Richard Payne's ("Payne") pickup. The impact caused Payne to careen into the vehicle in front of him.

Defendants have retained at least three experts to opine on economic loss suffered by Payne. On September 15, 2016, Payne took the deposition of Dr. Benzel MacMaster ("MacMaster"). On September 22, 2016, Payne took the deposition of Jacqueline Valencia ("Valencia"). On September 23, 2016, Payne took the deposition of Dr. Helen Reynolds ("Reynolds").

On November 2 and 11, 2016, Defendants sent invoices and requests for payment of expert fees to Payne. On November 11, 2016, Payne responded that he would pay for Reynolds and MacMaster within a reasonable time, but that Valencia's fee was unreasonable (Dkt. #112, Exhibit C).

On December 9, 2016, Defendants filed this application for expert fees and expenses (Dkt. #103). On December 22, 2016, Payne filed a response (Dkt. #112).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(4)(E) provides, "unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spend in responding to discovery under Rule 26(b)(4)(A) or (D)." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir. 2007). The purpose of this rule is both "to compensate experts for their time in participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert work free from cost." *Hurst v. United States*, 123 F.R.D. 319, 321 (D.S.D. 1988). However, a party should not be required to pay for time that the expert uses to benefit the retaining party, as the deposing party is not gaining any advantage from that type of preparation. *Script Sec. Sols., LLC v. Amazon.com, Inc.*, Case No. 2:15-CV-1030-WCB, 2016 WL 6649721, at *6 (E.D. Tex. Nov. 10, 2016). "A party moving for fees or expenses should substantiate those requests, segregating properly compensable time from non-compensable time." *Rogers v. Penland*, 232 F.R.D. 581, 582 (E.D. Tex. 2005).

Courts considering the reasonableness of the expert fees examine a number of factors, including: (1) the expert's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee being charged to the retaining party; (6) fees traditionally charged by the expert on related matters; and (7) any other factors likely to assist the court in balancing the interests implicated by Rule 26. *See Williams v. M-I, LLC*, No. Civ.A.05-0404, 2006 WL 2604672, at *1

(W.D. La. Sept. 8, 2006); *U.S. Energy Corp. v. NUKEM, Inc.*, 163 F.R.D. 344, 346 (D. Colo. 1995).

## ANALYSIS

### Dr. Benzel MacMaster

MacMaster is a retained medical expert with a practice in Dallas, Texas. MacMaster's invoice contains only two lines of charges: $2,500 for deposition, and $500 for "deposition prep." Defendants do not explain how Dr. MacMaster's fees are reasonable or necessary besides conclusory statements rehashing the legal standard (*See* Dkt. #103 at p. 4). Plaintiff objects to MacMaster's invoice because it does not delineate any amount of time spent consulting with the retaining attorneys. Defendants bore this burden and did not provide any evidence by way of affidavit or otherwise of time spent, if any, in consultation with the retaining attorneys. As such, there is insufficient detail for the Court to award costs.

### Dr. Helen Reynolds

Reynolds is a retained economist located in Dallas, Texas. Reynolds's invoice charges a total amount of $3,364.52, of which $612.50 is for her deposition. Again, Defendants do not provide any explanation for Reynolds's fee besides conclusory statements rehashing the legal standard. Plaintiff does not object to the fees regarding Reynolds's deposition. Therefore, Defendants' application should be granted insofar as Reynolds charged for her deposition. However, Defendants' application should be denied as to the rest of Reynolds's costs. There is no evidence of time spent with the retaining attorneys, if any. Therefore, Defendants have failed to meet their burden in proving that they are entitled to the fees submitted.

### Jacqueline Valencia

Valencia is a vocational rehabilitationist located in San Antonio, Texas. Valencia's invoice states costs totaling $8,883.94, of which $408.94 is for travel. Plaintiff does not object to the travel expenses. Therefore, Defendants' application should be granted with regard to Valencia's travel expenses.

Plaintiff objects to the rest of Valencia's costs because four hours were spent consulting with attorneys and the remaining 22.75 hours is unreasonable. The Court agrees. Examining the factors for reasonableness, the Court finds that Valencia's $6,825 fees in preparing for deposition are unreasonable. Valencia is not a medical doctor or Ph.D. The subject matter of her testimony is not particularly complex in the realm of experts. Finally, there is no evidence on the level of education necessary for Valencia's testimony, rates of other experts, quality of the discovery responses, or the typical fee charged by this expert. Based on the lack of evidence and the comparable costs for experts with higher degrees of education in this case, the Court finds that Valencia's fees are unreasonable as charged.

Ordinarily, the failure of proof by Defendants would be a sufficient ground for the Court to deny Defendants' motion to compel the payment of fees. In this case, however, Payne originally seemed to agree to the fees for MacMaster and Reynolds, and offered partial payment for Valencia. Thus, the Court finds that at this time, outright denial would be inappropriate. However, the Court likewise does not have sufficient evidence to compel the payment of fees. Therefore, Defendants should provide additional details as to the nature of each of their experts' preparation activities. That supplemental submission should disclose the general nature of the experts' preparation work, including, in particular, whether any of the charged preparation time was spent consulting with Defendants' attorneys or other representatives. This supplemental

documentation should be in the form of affidavits from the experts along with any additional documentation materials that may be pertinent. If Defendants submit such documentation within ten days of the date of this order, the Court will consider whether to enter an order compelling Payne to pay all or some of the expenses claimed. In the absence of such a submission, the motion will be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Application for Expert Fees and Expenses (Dkt. #103) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Defendants are entitled to recover $612.50 for Dr. Helen Reynolds's deposition time.

It is further **ORDERED** that Defendants are entitled to recover $408.94 for Jacqueline Valencia's travel expenses.

Defendants' motion is denied in all other respects, subject to reconsideration upon supplementation as directed by the Court. Defendants shall provide more detailed evidence for their experts within ten days of this order. In the absence of any such submission, the motion will be denied.

**SIGNED this 1st day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE